ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
JESSICA SPOONER #105919
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
           jessica.spooner@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NATHAN MONSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>STATE OF OREGON, through the<br>LEGISLATIVE CONDUCT COMMITTEE<br>and ADMINISTRATIVE COMMITTEE, and<br>FLOYD PROZANSKI, CHUCK THOMSEN,<br>JULIE FAHEY, RON NOBLE and JESSICA<br>KNIELING in their individual capacities,,<br><br>                    Defendants. | Case No.  6:22-CV-00604-AA<br><br>**ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT** |

Defendants Oregon Legislative Assembly,[1] Floyd Prozanski, Chuck Thomsen, Julie

Fahey, Ron Noble and Jessica Knieling, by and through their attorneys Marc Abrams and Jessica

Spooner, answer plaintiff's Second Amended Complaint and sets forth defenses as follows:

_____

[1] Including the Legislative Conduct Committee, the Administrative Committee, which are not independent entities but part of the Legislative Assembly.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## GENERAL RESPONSE

Defendants deny each and every material allegation of plaintiff's Complaint not expressly admitted herein.

## JURSIDICTION AND THE PARTIES

1.

Defendants admit plaintiff has sent correspondence, refer the Court to that correspondence for a complete explanation of its contents, and to the extent to which the remaining allegations in the first sentence of Paragraph 1 are not legal conclusions to which no response is required, they are denied.  Defendants admit the allegations in the second and third sentences of Paragraph 1.

2.

Defendants admit that, prior to the filing of the Second Amended Complaint, jurisdiction and venue were proper in this Court.  This Second Amended Complaint, however, eliminates any federal claims.  Accordingly, jurisdiction no longer properly rests with this Court.

3.

The allegations in Paragraph 3 are legal conclusions to which no response is required.

4.

Defendant admits it employed plaintiff and, to the extent the remaining allegations in Paragraph 4 are not legal conclusions to which no response is required, they are admitted.

## FACTUAL ALLEGATIONS

5.

To the extent the allegations in Paragraph 5 are not legal conclusions to which no response is required, they are denied.

6.

To the extent the allegations in Paragraph 6 are not legal conclusions to which no response is required, they are denied.

Page 2 -    **ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT**

**CLAIM FOR RELIEF**

7.

To the extent the allegations in Paragraph 7 are not legal conclusions to which no response is required, they are denied.

8.

Defendant admits plaintiff requests a trial by jury and denies the right to same.

**PRAYER**

9.

Defendant admits plaintiff seeks relief but denies any right thereto.

**FIRST DEFENSE**

**FAILURE TO STATE A CLAIM**

10.

Plaintiff's claim for relief fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

**OBJECTIVE, NON-DISCRIMNATORY REASONS**

11.

Defendants had valid, legitimate, objectively reasonable, non-discriminatory and non-retaliatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose.

## THIRD DEFENSE

## PLAINTIFFS RESPONSIBLE FOR HARM

### 12.

Some or all of the harm complained of was a result of the plaintiff's own actions or inactions.

## FOURTH DEFENSE

## FAILURE TO MITIGATE DAMAGES

### 13.

Plaintiff has failed to mitigate his damages.

## FIFTH DEFENSE

## QUALIFIED GOOD FAITH IMMUNITY

### 14.

To the extent that any action complained of herein violated a right of plaintiff's, under the circumstances presented, no reasonable public official could have understood that their conduct represented a violation of plaintiff's clearly established rights.  Defendants are therefore entitled to qualified good faith immunity.

## SIXTH DEFENSE

## AFTER-ACQUIRED EVIDENCE

### 15.

Information acquired after the commencement of plaintiff's employment was such that — had it been known at the time of the events at issue — it would have resulted plaintiff never having been hired to begin with.  As such, there would be no viable claims and the dismissal would serve as a bar to recovery.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## SEVENTH DEFENSE

## LACK OF JURISDICTION

16.

This matter having been amended to remove the federal claims, and the State having

protections under the Eleventh Amendment, this Court should decline to continue to exercise

supplemental jurisdiction when there is no longer any primary federal claim.


**WHEREFORE** Defendants pray as follows:

1.    That plaintiff be denied recovery or the relief requested upon the claims set forth
in the Complaint and that the Complaint be dismissed with prejudice in its
entirety and judgment be entered for the defendants;

2.    That the defendants recover their reasonable costs and attorneys' fees expended in
defense of this matter; and

3.    That the defendants be granted such other and further relief as this Court deems
just and equitable.


DATED May 17, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_____s/ Marc Abrams_____
MARC ABRAMS #890149
Assistant Attorney-in-Charge
JESSICA SPOONER #105919
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
jessica.spooner@doj.state.or.us
Of Attorneys for Defendants


Page 5 -    **ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT**