IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATHAN MONSON,

          Plaintiff,

v.

STATE OF OREGON; FLOYD
PROZANSKI; CHUCK THOMSEN;
JULIE FAHEY; RON NOBLE;
JESSICA KNIELING,

          Defendants.

Civ. No. 6:22-cv-00604-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendants' Motion to Substitute a Party, ECF No. 6. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED with leave to renew.

### DISCUSSION

Pursuant to ORS 30.265, Defendants move to substitute the State of Oregon Legislative Assembly for the individual Defendants on Plaintiff's Sixth and Eighth Claims for relief.

Plaintiff's Sixth Claim alleges retaliation and aiding or abetting state civil rights violations against Defendants Floyd Prozanski; Chuck Thomsen; Julie Fahey;

Page 1 –OPINION & ORDER

Ron Noble; and Jessica Knieling. First Am. Compl. ("FAC") ¶¶ 104-07. Plaintiff's Eighth Claim alleges intentional infliction of emotional distress against all Defendants. *Id.* at ¶ 115-18.

ORS 30.265, which governs the scope of liability of public bodies, officers, employees, and agents, provides:

> If an action under ORS 30.260 to 30.300 alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 is an action against the public body. If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the court upon motion shall substitute the public body as the defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400.

ORS 30.265(3).

If the action alleges damages in amount greater than the damages allowed under ORS 30.271, 30.272, or 30.273, "the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also a named defendant." ORS 30.265(4).

Defendants assert that, under ORS 30.271(2)(g) and (4), the threshold amount to trigger substitution under ORS 30.265(3) is $2,000,000 plus a consumer price adjustment. Defendants contend that, because Plaintiff seeks a sum of $1,200,000, the Oregon Legislative Assembly must be substituted in place of the individual Defendants on Plaintiff's Sixth and Eighth Claims.

This assertion is complicated by the fact that the prayer for $1,200,000 only appears in Plaintiff's original state court complaint. ECF No. 1-1. Once this case was removed to federal court, Plaintiff filed the operative FAC which does not seek a specific sum of damages but instead requests economic and non-economic damages "in an amount decided by the jury to be reasonable." FAC, at 22. Defendants point out that the original amount is in the Court's record and should be applied with respect to a motion to substitute. However, "the general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Williams v. Cnty. of Alameda*, 26 F. Supp.3d 925, 936 (N.D. Cal. 2014) ("[I]t is well-established that an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the original pleading."). Applied to this case, the fact that the original state court complaint sought a specific dollar amount became irrelevant once Plaintiff filed the operative FAC, which does not allege a specific amount of damages.

Courts of this District have routinely held that, absent the allegation of a specific dollar amount equal to or less than the required amount, defendants may not rely on ORS 30.265(3) to compel substitution of a public body in place of individual defendants. *See, e.g., McLean v. Pine Eagle Sch. Dist. No. 61*, 194 F. Supp.3d 1102, 1123 (D. Or. 2016) ("Because Plaintiff does not allege damages in an amount equal to or less than the statutory limit, Defendants cannot rely on [ORS 30.265(3)] to support their motion to substitute Pine Eagle for the individual school district-affiliated

Defendants." (internal quotation makes omitted, alterations normalized)). Likewise, in *Achcar-Winkels v. Lake Oswego Sch. Dist.*, the court held:

> Defendants cannot rely on ORS § 30.265(3) to support their motion to substitute the District for individual defendants where Plaintiffs have failed to allege a specific amount. . . . That said, Plaintiffs cannot leave their damages amount a mystery forever. In order to maintain their suit against individual defendants, Plaintiffs will eventually have to allege damages that exceed the appliable cap in accordance with ORS § 30.265(4). But, where the amount of damages has not yet been specified, I agree with Judge You and DENY Defendants' request for substitution of parties.

*Achcar-Winkels v. Lake Oswego Sch. Dist.*, No. 3:15-cv-00385-YY, 2017 WL 2291338, at *10 (D. Or. May 25, 2017); *see also Ewing v. City of Toledo*, Case No. 6:18-cv-01626-MK, 2021 WL 3926254, at *8 (D. Or. Mar. 31, 2021) (holding same).

Consistent with *McLean*, *Achcar-Winkels*, and *Ewing*, the Court concludes that, in the absence of an expressly pleaded damages amount, Defendants cannot rely on ORS 30.265(3) to compel substitution and so the motion must be denied. As the court observed in *Achcar-Winkels*, however, Plaintiff will eventually have to allege damages that exceed the statutory threshold in order to maintain the challenged claims against the individual Defendants. In the event that Plaintiff does not do so, the Court will entertain a renewed motion on this issue. As the motion is denied on its own terms, the Court declines to reach Plaintiffs alternative arguments as to why the case may be maintained against the individual Defendants at this time.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' Motion to Substitute a Party, ECF No. 6, with leave to renew the motion at the appropriate juncture.

It is so ORDERED and DATED this ___22nd___ day of September 2023.

                                           /s/Ann Aiken
                                           ANN AIKEN
                                           United States District Judge